**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Mary Lucille COWBOY,**
**Defendant-Appellee.**

**No. 81–2280.**

United States Court of Appeals,
Tenth Circuit.

Dec. 6, 1982.

Ezra H. Friedman, U.S. Atty., Department of Justice, Washington, D.C. (Richard A. Stacy, U.S. Atty. for the District of Wyoming, with him on the brief), for plaintiff-appellant.

Frederic C. Reed, Cheyenne, Wyo., for defendant-appellee.

Before HOLLOWAY, McWILLIAMS and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

This appeal presents an interesting jurisdictional question. The only issue before us is whether the district court was correct in

holding that federal jurisdiction does not exist over an alleged violation of one of the Indian liquor statutes, 18 U.S.C. § 1154 (1976), by an Indian within Indian country.

Mary Cowboy is an enrolled member of the Arapahoe Tribe of the Wind River Reservation. She was charged by the United States Attorney with selling beer and liquor on two occasions to other enrolled Indians at her residence in Ethete, Wyoming, an Indian community within the boundaries of the Wind River Reservation. Trial was assigned to the United States magistrate. Prior to trial, the magistrate granted with prejudice Cowboy's motion to dismiss the Information for want of jurisdiction, holding that 18 U.S.C. § 1154 is inapplicable to sales of liquor by Indians.

The Government appealed to the district court, supported in its position by the Wind River Tribes as amicus curiae. The district court affirmed the magistrate's decision, and the Government appeals. We reverse.

## I.

### RELEVANT STATUTORY LAW

This case turns on the correct interpretation of four sections of Title 18 of the United States Code, defining certain crimes occurring in Indian country. Under section 1154, one of several statutes concerning the sale and possession of liquor in Indian country,

"[w]hoever sells, gives away, disposes of, exchanges, or barters any malt, spirituous, or vinous liquor, including beer, ale, and wine, or any ardent or other intoxicating liquor of any kind whatsoever, except for scientific, sacramental, medicinal or mechanical purposes, or any essence, extract, bitters, preparation, compound, composition, or any article whatsoever, under any name, label, or brand, which produces intoxication, to any Indian to whom an allotment of land has been made while the title to the same shall be held in trust by the Government, or to any Indian who is a ward of the Government under charge of any Indian superintendent, or to any Indian, including

mixed bloods, over whom the Government, through its departments, exercises guardianship, and whoever introduces or attempts to introduce any malt, spirituous, or vinous liquor, including beer, ale, and wine, or any ardent or intoxicating liquor of any kind whatsoever into the Indian country, shall, for the first offense, be fined not more than $500 or imprisoned not more than one year, or both; and, for each subsequent offense, be fined not more than $2,000 or imprisoned not more than five years, or both."

18 U.S.C. § 1154(a). Originally, section 1154 prohibited the sale of liquor to Indians regardless of the location of the transaction. *See id.; United States v. Belt,* 128 F. 168 (M.D.Pa.1904). However, in 1953 Congress enacted section 1161, which states that:

"The provisions of sections 1154, 1156, 3113, 3488, and 3618, of this title, shall not apply within any area that is not Indian country, nor to any act or transaction within any area of Indian country provided such act or transaction is in conformity both with the laws of the State in which such act or transaction occurs and with an ordinance duly adopted by the tribe having jurisdiction over such area of Indian country, certified by the Secretary of the Interior, and published in the Federal Register."

18 U.S.C. § 1161 (1976). Section 1161 thus makes section 1154 applicable only in Indian country.

The third statute relevant to our inquiry is section 1152. This section, known as the General Crimes Act, provides that:

"Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.

"This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to

any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively."

18 U.S.C. § 1152 (1976).

## II.

## THE OPINION BELOW

In the proceedings below, both the magistrate and the district court noted that sections 1154 and 1161 appear to vest federal subject matter jurisdiction over the alleged sales. Rec., vol. I, at 57–58, 149. However, the magistrate held that sections 1154 and 1161 must be read in conjunction with section 1152, and with a fourth statute, 18 U.S.C. § 1153 (1976), the Major Crimes Act.[1] The magistrate concluded that sections 1152 and 1153 operate to preclude federal jurisdiction over the alleged offense, and accordingly dismissed the Information.

The district court affirmed, holding that Cowboy, an Indian, is not subject to section 1154's prohibition. The court apparently reasoned that because section 1161 limits the applicability of section 1154 to acts committed within Indian country, section 1154 is now one of the "general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States," 18 U.S.C. § 1152. The court then recited the "general rule" that, except for the offenses listed in section 1153, all crimes committed by enrolled Indians against other Indians within Indian country are subject to tribal jurisdiction. Rec., vol. I, at 51

(citing *United States v. Antelope*, 430 U.S. 641, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977); *United States v. Jackson*, 600 F.2d 1283 (9th Cir.1979)). This proposition was in accordance with the court's apparent conclusions that Cowboy's action was a crime "committed by one Indian against the person or property of another Indian,"[2] 18 U.S.C. § 1152, and that prosecution of Cowboy under section 1154 was therefore barred by section 1152.

The result of the court's rationale is that section 1154 applies only to sales by non-Indians within Indian country. We hold that the court's decision results from an erroneous reading of the interplay of sections 1152, 1153, 1154, and 1161, and a mistaken reliance upon the Supreme Court's dicta in *Antelope*.

## III.

## DISCUSSION

### A. Historical Development

Several of the statutes involved in this case, like many of the federal Indian laws, are products of a tangled statutory history. The relevant statutes have been frequently amended, and their statutory locations, first within the Revised Statutes and later within the United States Code, have been changed repeatedly. In many instances, the statutory language is ambiguous and sometimes seemingly contradictory. The case law relevant to our inquiry was written at various points throughout this history. Our interpretation, therefore, can not

---

1. 18 U.S.C. § 1153 (1976) provides that

   "Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnaping, rape, carnal knowledge of any female, not his wife, who has not attained the age of sixteen years, assault with intent to commit rape, incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

   "As used in this section, the offenses of burglary and incest shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

   "In addition to the offenses of burglary and incest, any other of the above offenses which are not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense."

2. Because of our disposition of the case, we need not address this question.

be based solely on the statutes as they now stand, but must be grounded in an understanding of their evolution. To provide the context for our decision, we first review the development of the relevant law.

### 1. Section 1154

Section 1154 originated as section 20 of the 1834 Trade and Intercourse Act, ch. 161, 4 Stat. 729, 732, and has remained relatively unchanged except in its codification and juxtaposition with related statutory fragments. Originally, the statute made it illegal for "any person [to] sell, exchange, or give, barter, or dispose of, any spirituous liquor or wine to an Indian, in the Indian country," or for "any person [to] introduce, or attempt to introduce, any spirituous liquor or wine into the Indian country, except such supplies as shall be necessary for . . . the United States [Army]." *Id.*

In 1854, Congress amended the statute by providing that section 20 of the 1834 Act should not be construed to apply to Indians committing the offenses defined therein in the Indian country. Act of Mar. 27, 1854, ch. 26, § 3, 10 Stat. 269, 270.[3] In 1862, Congress replaced section 20 of the 1834 Act with the Act of Feb. 13, 1862, ch. 24, 12 Stat. 338. This Act did not mention the 1854 Indian exclusion, but instead applied the sanction to "any person." *Id.* In 1873, a federal court held that the 1862 Act had repealed the exception, and convicted an Indian. *United States v. Shaw-Mux,* 27 F.Cas. 1049 (D.Or.1873) (No. 16,268). But when the Revised Statutes of 1873 were compiled, they incorporated the 1854 exclusion into the 1862 Act. The liquor prohibition and the Indian exclusion were both codified in R.S. § 2139. Thereafter, Congress again deleted the Indian exception, this time by passing an act to correct errors in the Revised Statutes. The Act stated that R.S. § 2139 "is amended by striking out . . . the words 'except an Indian in the

Indian country'." Act of Feb. 27, 1877, ch. 69, 19 Stat. 240, 244. Thus, as of 1877, the statute (then R.S. § 2139) prohibited "any person" from selling liquor to Indians in Indian country. The statute was later codified at 25 U.S.C. § 241, then recodified as 18 U.S.C. § 1154, and the phrase "any person" was replaced by the phrase "whoever." In 1953, Congress made section 1154 applicable only to the sale of liquor in Indian country by enacting 18 U.S.C. § 1161.

### 2. Section 1152

Section 1152, the General Crimes Act, is also a statute of ancient vintage. In 1817, Congress provided for general federal enclave jurisdiction over Indians and non-Indians, except for crimes "committed by one Indian against another," within any "Indian boundary." Act of Mar. 3, 1817, ch. 92 § 2, 3 Stat. 383. Seventeen years later, the statute was reworded to provide:

> "That so much of the laws of the United States as provides for the punishment of crimes committed within any place within the sole and exclusive jurisdiction of the United States, shall be in force in the Indian country: *Provided,* The same shall not extend to crimes committed by one Indian against the person or property of another Indian."

1834 Trade and Intercourse Act, ch. 161, § 25, 4 Stat. 729, 733.[4] In 1854, the statute was amended further to provide:

> "That nothing contained in the twenty-fifth section of an act entitled 'An act to regulate intercourse with the Indian tribes, and preserve peace on the frontiers,' approved thirtieth of June, eighteen hundred and thirty-four, shall be construed to extend or apply to said Indian country any of the laws enacted for the District of Columbia, and *that nothing contained in the twentieth section of the said act, which provides for the punishment of offences therein specified,*

---

3. This amendment was apparently in response to a federal prosecution of an Indian for a liquor violation following tribal punishment for the same act. F. Cohen, *Cohen's Handbook of Federal Indian Law* 305 n. 189 (1982 ed.).

4. 18 U.S.C. § 1154 was originally enacted as a separate provision of the 1834 Act. *See* 1834 Trade and Intercourse Act, ch. 161, § 20, 4 Stat. 729, 732.

*shall be construed to extend to any Indian committing said offences in the Indian country,* or to any Indian committing any offence in the Indian country who has been punished by the local law of the tribe, or in any case where, by treaty stipulations, the exclusive jurisdiction over such offences may now or hereafter be secured to said Indian tribes, respectively, and any thing in said act inconsistent with this act be, and the same is hereby repealed."

Act of Mar. 27, 1854, ch. 26, § 3, 10 Stat. 269 (emphasis added).[5]

In 1873, the codifiers of the Revised Statutes reworded the statute. The Indian liquor sales exception was erroneously carried over and codified in R.S. § 2139. *See* discussion *supra* in part III.A.1. The remainder of the statute was split between two sections. R.S. § 2145 provided that:

"Except as to crimes the punishment of which is expressly provided for in this title [title 28], the general laws of the United States as to the punishment of crimes committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall apply."

R.S. 2146 stated that:

"The preceding section shall not be construed to extend to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case, where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively."

Section 2146 was amended in 1875 to add an exception for "crimes committed by one Indian against the person or property of another Indian." Act of Feb. 18, 1875, ch. 80, 18 Stat. 316, 318. Sections 2145 and 2146 were later codified at 25 U.S.C. §§ 217, 218 (1926), then recodified at 18 U.S.C. § 1152 (1948).

In the 1948 recodification of the General Crimes Act, the proviso "[e]xcept as to crimes the punishment of which is expressly provided for in this Title [Title 25]," 25 U.S.C. § 217 (1940), was changed to the present language, "[e]xcept as otherwise expressly provided by law." Act of June 25, 1948, ch. 645, 62 Stat. 653, 757 (codified at 18 U.S.C. § 1152 (1976)). The Act has not been altered since.

### 3. Supreme Court construction

The Supreme Court considered the applicability of section 1154's precursors to Indian defendants on several occasions in the early 1900s. In those cases, the Court uniformly held that the section's prohibitions were directed against Indians as well as non-Indians.

Thus, in *Dick v. United States,* 208 U.S. 340, 28 S.Ct. 399, 52 L.Ed. 520 (1908), the Court considered the prosecution of a Umatilla Indian for *introducing*[6] liquor into Indian country in violation of R.S. § 2139. In that case, which primarily involved questions concerning the definition of Indian country, the Court sustained Dick's conviction without discussing the applicability to Indians of the statute's prohibition.

*United States v. Sutton,* 215 U.S. 291, 30 S.Ct. 116, 54 L.Ed. 200 (1909), also involved the introduction of liquor into Indian country. In *Sutton,* the Court said that the offense was one in which "neither race nor color is significant. The Indians ... are the beneficiaries, but for their protection the prohibition is against all, white man and Indian alike." *Id.* at 295, 30 S.Ct. at 117. *Hallowell v. United States,* 221 U.S. 317, 31 S.Ct. 587, 55 L.Ed. 750 (1911), assumed without discussion that an Indian was subject to the statute's prohibition against introducing liquor into Indian country. Finally, in *Clairmont v. United States,* 225 U.S. 551, 32 S.Ct. 787, 56 L.Ed. 1201 (1912), the Supreme Court again considered the conviction of an Indian for introducing li-

---

**5.** As we have discussed previously in this opinion, *supra* in Part III.A.1., this Act's Indian exclusion was apparently repealed by the Act of Feb. 13, 1862, ch. 24, 12 Stat. 338.

**6.** Section 1154 and its precursors prohibit both the sale of liquor to an Indian and the introduction of liquor into Indian country.

quor. Although the Court reversed the conviction because the act was found to have taken place outside of Indian country, the Court noted that it was not important that the defendant was an Indian. "The statute makes it an offense for 'any person' to introduce liquor into Indian country." *Id.* at 560, 32 S.Ct. at 790.

Notwithstanding this historical background, whether Indians are subject to the prohibition against the *sale* of liquor to Indians apparently is a question of first impression in this or any other Circuit. Although the Supreme Court has not passed upon this specific question, it has clearly indicated that Indians were subject to the liquor statute, at least between 1908 and 1912. Because the language of the prohibition against introduction paralleled that of the sales prohibition (as it does today, *compare, e.g., Clairmont,* 225 U.S. at 554, 32 S.Ct. 787 *with* 18 U.S.C. § 1154), these cases strongly suggest that Indians were forbidden to sell liquor as well as to introduce it into Indian country. Indeed, that appears to be the traditional understanding of the liquor statutes. *See* F. Cohen, *Handbook of Federal Indian Law* 354 (1942 ed.) ("Indians as well as whites and others may commit this crime."). Unless we find strong indications to the contrary, or subsequent congressional action curtailing the sweep of the sales prohibition, our conclusion here must be guided by these early Supreme Court decisions.

### B. Analysis

█ The district court based its holding in part on the proposition that sections 1152, 1153, 1154, and 1161 must be read together to reach a consistent result. We agree. But when so read, they do not support the result reached by the trial court.

1. Section 1154 is not limited by section 1152.

█ We begin our analysis, appropriately, with the first sentence of section 1152: "Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States ... shall extend to the Indian country." 18 U.S.C. § 1152. By its terms, the section applies "the general laws" unless "otherwise expressly provided by law." This proviso originated as a codifier's addition in the 1873 Revised Statutes, where it read "[e]xcept as to crimes the punishment of which is expressly provided for in this Title," R.S. § 2145. F. Cohen, *Cohen's Handbook of Federal Indian Law* 288 & n. 63 (1982 ed.). The original language was retained in the statute's codification as 25 U.S.C. § 217 in both the 1926 and 1940 Codes, but was changed to read as it presently stands in the 1948 recodification. *Id.* at 288 n. 63. The purpose of the proviso is to make it clear that other, more specific Indian country criminal laws prevail over section 1152. *Id.* at 288. The liquor sales statute, section 1154, is a criminal law expressly applicable to Indian country, and thus is not subject to section 1152.

█ This conclusion, based on the express language of section 1152, is also supported by the section's purpose. Section 1152 was enacted to confer federal jurisdiction over certain crimes occurring in Indian country. The "general federal laws" to which it refers are those laws, commonly known as federal enclave laws, which are criminal statutes enacted by Congress under its admiralty, maritime, and property powers, governing enclaves such as national parks. *See United States v. White,* 508 F.2d 453, 454–55 (8th Cir.1974). The section operates explicitly to extend the coverage of a body of law to Indian country. Section 1154 extends to Indian country by its own terms; indeed, it is only operative in Indian country. Indian country is distinct from federal enclave lands. Thus, the conclusion that section 1152 operates on section 1154 is a non sequitur. Section 1154 applies of its own force and is not subject to section 1152's exceptions.

█ Finally, it is a traditional canon of construction that specific laws prevail over more general ones. *Morton v. Mancari,* 417 U.S. 535, 550–51, 94 S.Ct. 2474, 2482–83, 41

L.Ed.2d 290 (1974). Section 1154 is a specific statute defining specific crimes, applying by its own terms to Indian country. It is thus not subject to or put into operation by the first paragraph of section 1152. Accordingly, its application is not limited by section 1152's second paragraph.

**2. Tribal jurisdiction is not exclusive.**

■ The district court relied in part on the proposition that "except for the offenses enumerated in (Section 1153), all crimes committed by enrolled Indians against other Indians within Indian country are subject to the jurisdiction of tribal courts," quoting *United States v. Antelope,* 430 U.S. 641, 643 n. 2, 97 S.Ct. 1395, 1397 n. 2, 51 L.Ed.2d 701 (1977). Rec., vol. I, at 151. This statement in dicta of the Supreme Court has provided grounds for disagreement among the federal courts. The Ninth Circuit has relied on the Court's statement for the proposition that other than for the fourteen crimes enumerated in section 1153, and crimes defined by general federal law for which location is not an element of the crime, tribes have *exclusive* jurisdiction over crimes committed by Indians against other Indians within Indian country. *United States v. Johnson,* 637 F.2d 1224, 1231 (9th Cir.1980). The Eighth Circuit apparently has reached a similar conclusion. *See United States v. Allen,* 574 F.2d 435, 437 (8th Cir.1978). The Seventh Circuit, however, believes that the Court's statements in *Antelope* do not signify that the tribal jurisdiction referred to is exclusive. *United States v. Smith,* 562 F.2d 453, 457–58 (7th Cir.1977), *cert. denied,* 434 U.S. 1072, 98 S.Ct. 1256, 55 L.Ed.2d 775 (1978). We agree with the Seventh Circuit.

■ Generally, Indian tribes have jurisdiction over intra-tribal offenses as an aspect of their retained tribal sovereignty. *See United States v. Wheeler,* 435 U.S. 313, 323–26, 328, 98 S.Ct. 1079, 1086–87, 1088, 55 L.Ed.2d 303 (1978). Congress can, of course, extend federal court jurisdiction to cover such offenses. *E.g.,* 18 U.S.C. § 1153. The Supreme Court has held that Congress did in fact give federal courts jurisdiction over violations by Indians of the federal liquor prohibition laws. *Clairmont v. United States,* 225 U.S. 551, 32 S.Ct. 787, 56 L.Ed. 1201 (1912); *Hallowell v. United States,* 221 U.S. 317, 31 S.Ct. 587, 55 L.Ed. 750 (1911); *United States v. Sutton,* 215 U.S. 291, 30 S.Ct. 116, 54 L.Ed. 200 (1909); *Dick v. United States,* 208 U.S. 340, 28 S.Ct. 399, 52 L.Ed. 520 (1908). Any finding that the federal courts now lack such jurisdiction must be premised upon some congressional action withdrawing that jurisdiction.

■ The Major Crimes Act, 18 U.S.C. § 1153, provides one possible ground for finding that federal jurisdiction has been withdrawn. The Act was passed in 1885 specifically to vest the federal courts with jurisdiction over certain serious crimes. *See generally* F. Cohen (1982 ed.), *supra,* at 300–04; F. Cohen (1942 ed.), *supra,* at 146–47. The Supreme Court has suggested that the Act, by enumerating certain offenses as applicable to Indians in Indian country, "carries with it implications of a purpose to exclude others." *United States v. Quiver,* 241 U.S. 602, 606, 36 S.Ct. 699, 701, 60 L.Ed. 1196 (1916). We need not now consider whether in enacting section 1153 in 1885 Congress intended to exclude from federal jurisdiction all intra-Indian crimes for which jurisdiction was not yet vested in the federal courts. Section 1154 was enacted before the Major Crimes Act, and has remained in its present form since 1862. For section 1153 to have divested the federal courts of jurisdiction over Indian offenders of section 1154, congressional intent to repeal existent jurisdictional provisions would have to be found. It is a "cardinal rule" of statutory construction that "repeals by implication" are disfavored. *Morton v. Mancari,* 417 U.S. 535, 549, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290 (1974). Section 1153 is clear on its face; it purports only to establish jurisdiction and does not suggest any divestiture of jurisdiction already vested at the time of its enactment.

■ Appellee argues that sections 1152 and 1161 do evidence intent to divest the federal courts of jurisdiction over Indian violators of section 1154. However, those

sections do not support that proposition. Section 1152 exempts from federal jurisdiction Indian against Indian violations of the federal enclave statutes therein made applicable to Indian country. Section 1161 restricts the operation of section 1154 to violations occurring in Indian country that are also in violation of state and tribal laws and ordinances. Sections 1152 and 1161 do not on their faces suggest that Congress intended to divest jurisdiction under section 1154. Nor does their history support this contention.

In 1854, the statute that eventually became section 1152 was amended to exclude Indian offenders from the coverage of section 1154's precursor, *see* Act of Mar. 27, 1854, ch. 26, § 3, 10 Stat. 269, 270 (quoted in text *supra*), but that exclusion was twice eliminated by Congress, initially in the Act of Feb. 13, 1862, ch. 24, 12 Stat. 338 (liquor prohibition applies to "any person"), and finally in the Act of Feb. 27, 1877, ch. 69, 19 Stat. 240, 244 (act to correct errors in the Revised Statutes) (both discussed in text *supra*). Since then, section 1152 and its precursors have exempted offenses by an Indian against another Indian from the operation of those general federal enclave laws therein made applicable to Indian country. That section does not suggest that federal jurisdiction over Indian violations of the liquor prohibition has been withdrawn; indeed, the fact that Congress twice explicitly *removed* an Indian offender exception requires the contrary conclusion.

Section 1161 was enacted in 1953 to make section 1154 applicable only to Indian country, and to decriminalize, inter alia, the sale of liquor therein unless such actions violate state law or tribal ordinance. The section's language in no way suggests that federal jurisdiction over a violation of section 1154 as modified by section 1161 has been withdrawn. Nor does section 1161's legislative history support such an inference. Prior to the section's enactment, sale to or possession by Indians of liquor was completely prohibited by section 1154. Section 1161 was enacted to eliminate the ban outside of Indian country, and to permit the sale and possession of liquor in Indian country in conformity with state law and tribal ordinance. S.Rep. No. 722, 83d Cong., 1st Sess., *reprinted in* 1953 U.S.Code Cong. & Ad. News 2399. Section 1161 recognized tribal authority to regulate liquor in Indian country. However, recognition of tribal regulatory authority and jurisdiction does not of itself preclude federal jurisdiction. Congress' plenary power to curtail or even eliminate aspects of tribal sovereignty of necessity permits Congress to provide for concurrent jurisdiction over liquor violations. Indeed, the liquor laws have long been understood as recognizing that concurrent jurisdiction exists for violations. *See* F. Cohen (1982 ed.), *supra,* at 338. Section 1161 in no way alters that understanding.

## IV.

## CONCLUSION

Both Congress and the federal courts have recently recognized the importance of tribal sovereignty and authority. The significance to tribes of administering and policing affairs within Indian country cannot be overstated. It would be fully in accordance with the congressional policy of recognizing and encouraging tribal self-reliance to provide that tribes have exclusive regulatory authority and jurisdiction over Indian defendants in liquor violations. But that is a step that must be taken by Congress.

We hold that the federal courts have jurisdiction over Indians for violations of section 1154. Accordingly, we reverse the district court's opinion, and remand for further proceedings in conformity with this opinion.