STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael WHITEBIRD and Robert Lemieux,
Defendants-Appellants.

Court of Appeals

*No. 81–2203. Submitted on briefs August 2, 1982.—
Decided December 7, 1982.*
(Also reported in 329 N.W.2d 218.)

For the appellants the cause was submitted on the briefs of *Wisconsin Judicare, Inc.,* and *James M.D.R. Hawkins* of Wausau.

For the respondent there was a brief by *Bronson C. La Follette,* attorney general, and *Maryann Sumi,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   Michael Whitebird and Robert Lemieux, enrolled members of the Bad River Band of Lake Superior Chippewa, appeal judgments convicting them of operating boats on Lake Superior without valid certificates of number in violation of sec. 30.51(1), Stats.[1] They claim that Wisconsin cannot enforce sec. 30.51(1) against them because it lacks the required federal authority and because enforcement would be an unwarranted interference with their treaty fishing rights. We reject these arguments and conclude that Wisconsin may enforce sec. 30.51(1) on Lake Superior against enrolled members of an Indian band.

The numbering requirement of sec. 30.51(1) is nondiscriminatory. *Cf. Moe v. Confederated Salish and Kootena Tribes,* 425 U.S. 463, 469 n. 9 (1976) (where a vehicle registration fee is termed nondiscriminatory). A nondiscriminatory state law applies to tribe members outside their reservation[2] unless there is express federal law to the contrary. *See Webster v. Wisconsin Department of Revenue,* 102 Wis. 2d 332, 337, 306 N.W.2d 701, 705 (Ct.

---

[1] Section 30.51(1), Stats., provides:

Certificate of Number Required. No person may operate, and no owner may give permission for the operation of, any boat on the waters of this state unless the boat is covered by a valid certificate of number issued under this chapter or is exempt from the numbering requirements of this chapter.

[2] Section 30.51(1), Stats., requires a certificate of number only when the boats are operated on Wisconsin waters.

App. 1981). We have found no express federal law prohibiting the application of sec. 30.51(1) to members of the Bad River Band outside their reservation, and Whitebird and Lemieux have cited none.[3]

The fact that Wisconsin could not impose a personal property tax on Whitebird's and Lemieux's boats[4] does not prohibit Wisconsin from enforcing sec. 30.51(1). The fee that Whitebird and Lemieux must pay to obtain a certificate of number is not a tax. *See State v. Jackman,* 60 Wis. 2d 700, 707, 211 N.W.2d 480, 485 (1973). We also see no distinction between the fee required for a motor vehicle license and the fee required for a boat certificate of number.[5]

The Treaty of September 30, 1854, 10 Stat. 1109, also does not prohibit Wisconsin's enforcement of sec. 30.51 (1) against Whitebird and Lemieux as an infringement on their nonexclusive fishing rights in Lake Superior. *See State v. Gurnoe,* 53 Wis. 2d 390, 410, 192 N.W.2d 892, 902 (1972). The purpose of sec. 30.51(1) is to promote boater safety. *Jackman,* 60 Wis. 2d at 705, 211 N.W.2d at 484. Section 30.51(1) does not purport to regulate fishing rights, and it does not infringe on White-

[3] The Bad River Band does not have its own boat numbering ordinance. *Cf. Red Lake Band v. State,* 248 N.W.2d 722, 727 (Minn. 1976) (holding that the Red Lake Band of Chippewa was entitled to an exemption from Minnesota's motor vehicle registration statute where the Band had adopted its own registration ordinance).

[4] *See Washington v. Confederated Tribes,* 447 U.S. 134, 163–64 (1980), holding that a state could not impose a personal property tax on vehicles owned by Indians living on the reservation.

[5] In *Moe v. Confederated Salish and Kootenai Tribes,* 425 U.S. 463, 469 (1976), the United States Supreme Court noted that both the district court and the Tribe recognized that the state could exact a fee for registration and issuance of state license plates for a motor vehicle.

bird's and Lemieux's rights to fish where, when, and with what they want.

Even if we agreed that sec. 30.51(1) arguably had some minimal effect on fishing rights, such an effect would not preclude Wisconsin's enforcement of sec. 30.51 (1) against band members on Wisconsin waters because its purpose is public safety. *See Gurnoe,* 53 Wis. 2d at 410–11, 192 N.W.2d at 902. The public safety purpose of the statute cannot be accomplished unless the statute can be enforced. Enforcement would be practically impossible if some boats did not have to be numbered.[6] Even if Whitebird and Lemieux were entitled to a hearing, *see State v. Peterson,* 98 Wis. 2d 487, 490, 297 N.W.2d 52, 53 (Ct. App. 1980), the necessity of Wisconsin's enforcement of sec. 30.51(1) against Whitebird and Lemieux is so patently apparent that no purpose would be served by this court's remand of these cases for a determination of this issue.

*By the Court.*—Judgments affirmed.

---

[6] Like a boat, which may be used for fishing, a motor vehicle may apparently be used for hunting. *See State v. Lemieux,* 106 Wis. 2d 484, 487, 317 N.W.2d 166, 168 (Ct. App. 1982), *aff'd on other grounds.* 110 Wis. 2d 158, 327 N.W.2d 669 (1983). We see no distinction between the state's need to require vehicle licensing and its need to require boat numbering, even though the licensing or numbering may indirectly have some minimal effect on Indian hunting or fishing rights.