STATE of Wisconsin,† Plaintiff-Appellant,

v.

Kenneth BIG JOHN, Gilbert Chapman, Robert A. Chapman, Jerry A. Christensen, James Cross, Goldie Larson, Duane E. Poupart, John V. Snow and Steve K. St. Germaine, Defendants-Respondents.

Court of Appeals

*No. 86–1948. Submitted on briefs April 13, 1987.—Decided May 26, 1987.*

(Also reported in 409 N.W.2d 455.)

† Petition to review granted.

For the plaintiff-appellant, there were briefs submitted by *Donald J. Hanaway,* attorney general, and *Maureen A. McGlynn,* assistant attorney general, of Madison.

For the defendant-respondent, there was a brief submitted by *James M. Jannetta* and *Kathryn L. Tierney,* of Lac du Flambeau.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

MYSE, J. The state appeals an order dismissing nine citations charging nine members of the Lac du Flambeau Band of the Lake Superior Chippewa with operating unregistered motorboats on state waters, contrary to sec. 30.51(1), Stats. The state argues that the trial court erroneously concluded that the state lacked jurisdiction to enforce sec. 30.51(1) against the charged tribal members. We conclude that enforcing sec. 30.51(1) against the tribal members would infringe on the Band's right of tribal self-government and that, therefore, the state is without jurisdiction to proceed on the citations. The order is affirmed.

The facts are undisputed. Nine members of the Lac du Flambeau Band were cited for operating unregistered motorboats on state waters in violation of sec. 30.51(1). The boats were being operated on waters outside the boundaries of the Band's reservation. The boats were registered pursuant to the Band's boat registration ordinance and bore a numbered decal on the bow as evidence of this registration.[2]

---

[1]Pursuant to sec. 809.41(3), Stats., the chief judge has ordered that this appeal be decided by a three-judge panel.

[2]The Band's authority to enact the ordinance is not in dispute. The ordinance provides:

> *Section 1: Purpose.* The purpose of this ordinance is to provide a voluntary system under which tribal members may register and obtain identification numbers for boats for use on or off the reservation; in lieu of registering their boats under the state registration system, Wis. Stats. Ch. 30.
>
> *Section 2: Registration.* Any tribal member who lives or keeps a boat on the Tribe's reservation and who possesses a tribal

When cited, the tribal members were exercising their treaty-protected fishing rights.

The trial court determined that requiring the tribal members to register their boats pursuant to sec.

photo identification card may apply to the Tribal Realty and Natural Resources Department to register a boat and receive a decal or sticker containing a registration number. No fee shall be charged thereafter.

*Section 3: Registration Number.* The Tribal Realty and Natural Resource Department shall obtain decals or stickers containing the Tribal logo, sequentially and uniquely numbered. The Department shall keep a log of each registration number issued and to whom the registration is issued to. The Department shall verify registration upon request by the Wisconsin Department of Natural Resources.

*Section 4: Display.* Each member shall place the decal or sticker containing the registration number on the exterior of the boat registered at the bow in such a manner as to be visible when the boat is in use. Failure to display shall invalidate the registration.

*Section 5: Photo Identification.* If a boat so registered is used off the reservation, the person operating the boat shall maintain in possession, a tribal photo identification card while using the boat.

*Section 6: Notification of Transfer.* If the owner of a registered boat transfers his or her interest in the boat to another member, the new owner shall notify the Department so that registration may be transferred. If the ownership interest is transferred to a non-member, such registration shall be void.

*Section 7: Prohibited Acts.* It shall be unlawful for a tribal member to:

a) Deface or alter a tribal boat registration sticker or decal;

b) Register a boat which is not owned by the member;

c) Transfer ownership of a registered boat without notifying the Tribe's Realty and Natural Resources Department;

d) Violate any other provision of this ordinance;

*Section 8: Penalties.*

a) Violation of this ordinance shall be punishable by a forfeiture of up to $500.00;

b) The Lac du Flambeau Tribal Court is hereby given jurisdiction over all matters pertaining to this ordinance.

30.51(1) would impermissibly infringe on their treaty-protected fishing rights and dismissed the citations.[3] *See generally State v. Gurnoe,* 53 Wis. 2d 390, 192 N.W.2d 892 (1972). The state argues to the contrary. The state further contends that requiring the tribal members to comply with sec. 30.51(1) would not infringe on the Band's right of tribal self-government. We affirm the dismissal of the citations, but for reasons other than those relied upon by the trial court. *See State v. Holt,* 128 Wis. 2d 110, 124, 382 N.W.2d 679, 686 (Ct. App. 1985). We conclude that because the Band has enacted a boat registration ordinance with which the charged tribal members had complied, enforcing sec. 30.51(1) under these circumstances would infringe on the Band's right of tribal self-government. Therefore, the state lacks jurisdiction to proceed on the citations. *State v. Webster,* 114 Wis. 2d 418, 436, 338 N.W.2d 474, 483 (1983).

When material facts are undisputed, the question presented on appeal is one of law. *State v. Williams,* 104 Wis. 2d 15, 21–22, 310 N.W.2d 601, 604–05 (1981). Whether statutory provisions apply to a particular set of facts is also a question of law. *Glover v. Marine Bank,* 117 Wis. 2d 684, 691, 345 N.W.2d 449, 452 (1984). Questions of law are reviewed without deference to the trial court's decision. *Id.*

---

[3]In *Whitebird,* 110 Wis. 2d at 252–53, 329 N.W.2d at 218–19, the court determined that requiring the Bad River Band of the Lake Superior Chippewa to comply with the registration requirements of sec. 30.51(1) did not infringe on their treaty-protected fishing rights. Under the facts of *Whitebird,* however, the Band had not enacted an ordinance regulating boat registration. *Id.,* at 252 n. 3, 329 N.W.2d at 219 n. 3. Consequently, the *Whitebird* court did not address the issue presented here.

The question in this case turns on whether the state's authority has been preempted by federal law. Unless the state's interest is sufficient to justify its assertion of authority, the state's jurisdiction is preempted if it conflicts or interferes with federal and tribal interests reflected in federal law. *California v. Cabazon Band of Mission Indians,* No. 85–1708, slip op. at 13 (U.S. S. Ct. Feb. 25, 1987). This inquiry requires us to evaluate the state, federal, and tribal interests in light of the traditional notion of Indian sovereignty and the congressional goal of encouraging tribal self-government. *Id.* In *Rice v. Rehner,* 463 U.S. 713, 719 (1983), *reh'g denied,* 464 U.S. 874 (1983), the Supreme Court discussed the relationship between the preemption and tribal sovereignty inquiries:

> The role of tribal sovereignty in preemption analysis varies in accordance with the particular "notions of sovereignty that have developed from historical traditions of tribal independence." ...
> When we determine that tradition has recognized a sovereign immunity in favor of the Indians in some respect, then we usually are reluctant to infer that Congress has authorized the assertion of state authority in that respect .... [Citations omitted.]

Under this analysis, the first question is whether the Lac du Flambeau Band has a tradition of tribal self-government in the area of boat registration. This inquiry involves more than simply examining the length of time over which the Band has regulated boat registration. *See Webster,* 114 Wis. 2d at 434–35, 338 N.W.2d at 482. Other factors to be considered include whether the regulated subject area is an important aspect of tribal self-government, whether the tribe has

affirmatively acted in the area, and whether the tribe's failure to act is itself an exercise of tribal self-government. *Id.; see also Rice,* 463 U.S. at 718.

In *Webster,* 114 Wis. 2d at 434–35, 338 N.W.2d at 482, our supreme court concluded that the Menominee Tribe had a well-established tradition of self-government in the area of traffic regulation because it had enacted and enforced a traffic code. Similarly, here, the Band has exercised its right of self-government by enacting a boat registration ordinance. The ordinance, enacted in April, 1986, and recodifying an earlier ordinance adopted in 1984, applies only to tribal members living or keeping a boat on the reservation, imposes penalties for specific violations, and confers jurisdiction upon the Band's tribal court over all matters arising thereunder.

■ The Band has a vital interest in regulating boat registration because tribal members keep and use boats on the reservation and the boats are generally used in the exercise of the tribe's treaty-protected fishing rights. Based upon the above facts and in light of *Webster,* we conclude that the Band has a tradition of tribal self-government in the area of boat registration. *Cf. County of Vilas v. Chapman,* 122 Wis. 2d 211, 215, 361 N.W.2d 699, 702 (1985) (no established tradition of tribal self-government in area of traffic regulation where tribe had not enacted traffic code).

The next step is to evaluate the state, federal, and tribal interests in regulating boat registration. The state has a strong interest in requiring boats to be registered for purposes of public safety and law enforcement. *State v. Jackman,* 60 Wis. 2d 700, 704–05, 211 N.W.2d 480, 484 (1973). For the same reasons, the Band has a strong interest in regulating

boat registration on the reservation for its tribal members. The Band's ordinance focuses on boats used on the reservation, but the incidental off-reservation use of such boats does not diminish the Band's interest. Accordingly, we conclude that the state and the Band have equivalent regulatory interests in requiring boat registration.

The state's interest in requiring tribal members to register their boats under both the Band's ordinance and sec. 30.51(1) is virtually nonexistent. The Band's ordinance specifically refers to the state's registration system contained in ch. 30 and incorporates many of its provisions. Each boat registered under the ordinance, whether operated on or off the reservation, must display a uniquely numbered decal for purposes of identification and as evidence of registration. Failing to display the decal invalidates the registration. The ordinance imposes penalties for defacing or altering the decal. The Band's conservation department records each registration number issued, and this information is available upon request to the state's conservation department. Each tribal member registering a boat must notify the Band's department if the boat is sold and ownership is transferred. If ownership is transferred to a non-tribal member, the Band's registration is voided.

In light of the above, if a tribal member registers a boat under the Band's ordinance, the state's interest in identifying boats and their owners for purposes of public safety and law enforcement is satisfied. *Cf. Red Lake Band of Chippewa v. State of Minnesota,* 248 N.W.2d 722, 728 (Minn. 1976) (state must recognize validity of motor vehicles registered under tribal law and operated on public highways); sec. 341.409, Stats. (state may exempt from its motor vehicle registration

requirements those vehicles registered by an Indian tribe). This conclusion is supported by the fact that boats lawfully registered in other jurisdictions and displaying a valid certificate of number are exempted from the registration requirements of sec. 30.51(1). Section 30.51(2)(a)3, Stats.

The state's interest in enforcing sec. 30.51(1) would be compelling, however, if a tribal member failed to register a boat pursuant to the Band's ordinance. The Band's ordinance states that its purpose "is to provide a voluntary system" for boat registration. If a tribal member subject to the terms of the ordinance elected not to register a boat under the ordinance, the boat could not be identified. Under these facts, the state's interest in identifying boats and their owners for public safety and law enforcement purposes would permit the enforcement of sec. 30.51(1). *See State v. Whitebird,* 110 Wis. 2d 250, 252–53, 329 N.W.2d 218, 219 (Ct. App. 1982).

Here, however, the charged tribal members had complied with the Band's boat registration ordinance. In enacting that ordinance, the Band was exercising its right of tribal self-government. The federal government has a strong interest in encouraging the exercise of that right. *Cabazon Band,* slip op. at 13. In light of the federal interest in encouraging tribal self-government, the Band's exercise of that right, and the protection afforded the state's interest under the Band's ordinance, we conclude that the balance of interests must weigh in favor of the Band. *See Webster,* 114 Wis. 2d at 435–36, 338 N.W.2d at 474.

In summary, the state's interest in requiring the charged tribal members to comply with sec. 30.51(1)

has been adequately protected because they have complied with the Band's boat registration ordinance. Enforcing sec. 30.51(1) against them would infringe on the federal government's interest and the Band's right of tribal self-government. The state may enforce sec. 30.51(1) against a tribal member if the tribal member is not subject to the Band's ordinance or, if subject to the ordinance, the member has failed to comply with it. Here, however, all the charged tribal members have complied with the Band's ordinance. Accordingly, we conclude that the state's jurisdiction is preempted, and it cannot proceed on the citations charging the tribal members with violating sec. 30.51(1).[4]

*By the Court.*—Order affirmed.

---

[4]The state also contends that the charged tribal members must comply with the boat registration requirements of sec. 30.51(1) because their boats are not exempt from those provisions under sec. 30.51(2)(a)3. Because we conclude that requiring the tribal members to comply with sec. 30.51(1) would infringe on the Band's right of tribal self-government and that conclusion is dispositive of this appeal, we need not address this issue. *Gross v. Hoffman,* 227 Wis. 296, 300 277 N.W. 663, 665 (1938).