16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
ROSE SHOT TO PIECES, also known as Victoria Little Moon, Appellant .
 No. 93-1838.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 6, 1993.
Filed: January 10, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Rose Shot to Pieces, also known as Victoria Little Moon, appeals her conviction for selling two bottles of wine in Indian country, in violation of 18 U.S.C. Sec. 1154. We affirm.
 
 
 2
 At trial, Oglala Sioux Tribal Police Officer Francis Quigley testified that on January 17, 1992, operating undercover and wearing a tape recorder, he approached 469 Wounded Knee Upper Housing Unit. Quigley asked if Vicky was home. A young woman informed him twice that Vicky was not home and that she had gone to town. A man inside the house told Quigley that he thought Vicky was in bed. Quigley entered an unlit room and asked, "Where is Vicky?" A heavyset woman lying on the bed said, "Hi." Quigley said, "Hi," and the woman again said, "Hi." Quigley purchased two pints of wine from the woman in the bed and then left. No arrests were made that evening. At trial, Quigley stated that the defendant appeared to be the same woman who sold him the wine. The government then moved to admit Shot to Pieces's 1990 section 1154 conviction for a 1988 liquor sale. Over objection, the district court[1] admitted the prior conviction and instructed the jury to consider the conviction only to establish identity. Other government witnesses testified that 469 Wounded Knee Upper Housing Unit is within Indian country, that both Shot to Pieces and Quigley are enrolled members of the tribe, and that Shot to Pieces lived with her daughter at 469 Wounded Knee Upper Housing Unit. The jury returned a guilty verdict and the district court imposed sentence.
 
 
 3
 Relying on United States v. Wheeler, 435 U.S. 313 (1978), Shot to Pieces argues that tribal courts have exclusive jurisdiction over Indian-on-Indian crimes committed within Indian country. Wheeler recognized, however, that Congress has plenary power over Indian affairs and that tribal sovereignty is completely defeasible. Id. at 323; see also Duro v. Reina, 495 U.S. 676, 698-99 (1990) (Brennan, J., dissenting). In enacting section 1154, Congress employed its plenary power and made the sale of alcohol in Indian country a federal offense. We find that the district court properly exercised jurisdiction. See United States v. Cowboy, 694 F.2d 1228, 1236 (10th Cir. 1982) (federal courts have jurisdiction over Indians for violations of section 1154); 18 U.S.C. Sec. 3231 (district court jurisdiction includes all cases involving offenses against the United States).
 
 
 4
 Shot to Pieces argues that the district court abused its discretion in admitting evidence of her prior section 1154 conviction under Federal Rule of Evidence 404(b). See United States v. Mills, 987 F.2d 1311, 1314 (8th Cir.), cert. denied, 114 S.Ct. 403 (1993). Such evidence is admissible if it is relevant to a material issue, it is proved by a preponderance of the evidence, its potential prejudice does not substantially outweigh its probative value, and it is similar in kind and close in time to the crime charged. United States v. Aranda, 963 F.2d 211, 215 (8th Cir. 1992). After reviewing the record, we find that all four elements were satisfied. While the prosecutor did not introduce additional evidence surrounding the prior conviction, we believe that the two crimes were similar enough to allow admission of the evidence. See United States v. Mays, 822 F.2d 793, 797 (8th Cir. 1987) (finding similarity because of manner in which two bank robberies were committed); cf. United States v. Garbett, 867 F. 2d 1132, 1135 (8th Cir. 1989) (holding insufficient similarity between conviction for possession of marijuana and charge of conspiracy to distribute marijuana; that both involved marijuana was not enough). Furthermore, the district court stated that it was not admitting the evidence to show propensity and instructed the jurors that they could use the evidence only to establish identity if the two crimes were so similar that they must have been committed by the same person. Therefore, we find no abuse of discretion in the district court's decision to admit the prior conviction.
 
 
 5
 Shot to Pieces contends that there was insufficient evidence to support her conviction. Viewing the evidence in the light most favorable to the government and giving the government the benefit of all reasonable inferences, a reasonable jury could have found that the government proved that Shot to Pieces was the woman who sold the wine. See United States v. Smiley, 997 F.2d 475, 479 (8th Cir. 1993). Shot to Pieces lived at the house where the wine was sold. Quigley was told that Vicky was in bed, and the woman in bed who sold the wine answered to Vicky. Quigley identified Shot to Pieces at trial as the person who sold him the wine. Finally, Shot to Pieces had a prior record for selling liquor. A reasonable jury could also have determined that the substance sold was wine. The jurors are entitled to use their common sense and to employ their experience. United States v. Hall, 1993 WL 286340, * 3 (8th Cir. 1993); Compton v. United States, 377 F.2d 408, 412 (8th Cir. 1967).
 
 
 6
 Shot to Pieces also argues that the government failed to establish that Quigley was an Indian over whom the United States exercises guardianship as section 1154 requires. Indians are wards of the United States because of the federal government's plenary power over them. Morton v. Mancari, 417 U.S. 535, 551-52 (1974). It is well established that tribal Indians retain their ward status until Congress grants them emancipation. United States v. Waller, 243 U.S. 452, 459-60 (1917). After carefully reviewing Shot to Pieces's remaining arguments, we find them to be without merit.
 
 
 7
 Accordingly, we affirm.
 
 
 8
 GIBSON, Circuit Judge, dissenting.
 
 
 9
 I believe the district court abused its discretion in admitting Shot to Pieces's prior conviction under Federal Rule of Evidence 404(b). Therefore, I am unable to join the court's opinion and would reverse.
 
 
 
 [1]
 The Honorable Richard H. Battey, United States District Judge for the Western District of South Dakota